Filed 1/3/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JAMES SAFECHUCK, | B284613 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC545264) |
| v. | |
| MJJ PRODUCTIONS, INC., et al., | |
| Defendant and Respondent. | |
| WADE ROBSON, | B288036 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC508502) |
| v. | |
| MJJ PRODUCTIONS, INC., et al., | |
| Defendant and Respondent. | |

APPEAL from judgments of the Superior Court of Los Angeles County. Mitchell L. Beckloff, Judge. Reversed and remanded.

Manly, Stewart & Finaldi, John C. Manly, Vince W. Finaldi, Alexander E. Cunny; Esner, Chang & Boyer, Holly N. Boyer and Steffi A. Jose for Plaintiffs and Appellants.

Kinsella Weitzman Iser Kump & Aldisert, Howard L.

Weitzman, Jonathan P. Steinsapir, Aaron C. Liskin, Katherine T. Kleindienst; Greines, Martin, Stein & Richland and Alana H. Rotter for Defendants and Respondents.

———————————————

These appeals involve allegations of a disturbing, years-long pattern of child sexual abuse by international superstar Michael Jackson.  The truth of those allegations is not at issue here.  Instead, we must decide whether plaintiffs Wade Robson and James Safechuck waited too long to sue, not Jackson himself (who died over a decade ago), but two of Jackson's corporations, MJJ Productions, Inc. and MJJ Ventures, Inc., for their involvement in Jackson's alleged abuse of Robson and Safechuck.

This timeliness issue had been litigated under a prior version of Code of Civil Procedure section 340.1 (section 340.1) that required claims of childhood sexual abuse against third-party nonperpetrators to be filed by a victim's 26th birthday unless the claims fell within a narrow exception.  Robson and Safechuck sued after their 26th birthdays, and the trial court concluded their claims were untimely because they did not fall within this exception.  Effective January 1, 2020, however, section 340.1 was amended to allow a victim to bring claims of childhood sexual assault against third-party nonperpetrators until the victim's 40th birthday.  (§ 340.1, as amended by Stats 2019, Ch. 861, §1.)  Safechuck and Robson both sued before their 40th birthdays, and the corporations do not dispute the revised statute applies to their nonfinal cases.  We reverse the judgments in the corporations' favor and remand for further proceedings. We decline to address any other issues.

# BACKGROUND

Robson has appealed the trial court's grant of summary judgment to the corporations, while Safechuck has appealed judgment after the sustaining of a demurrer. Both cases present the same basic legal question involving the timeliness of their claims, so we have consolidated their appeals for the purposes of this opinion.[1]

### *Robson's Case*

Robson was born in 1982 in Australia. Robson claims that starting in 1990 and continuing over the next seven years until he was 14, Jackson sexually molested him. According to Robson, the abuse involved fondling, kissing, giving and receiving oral sex, and one incident during which Jackson attempted to engage in anal sex with him. During the years of abuse, Jackson instructed Robson not to tell anyone about the sexual acts between them.

Jackson died on June 25, 2009. Robson filed the instant lawsuit in May 2013, when he was 30 years old. As of the operative fourth amended complaint, he named Jackson's corporations MJJ Productions, Inc. and MJJ Ventures, Inc. as third-party nonperpetrator defendants. MJJ Productions was formed in 1979 as one of Jackson's "loan-out corporations" furnishing his services as an artist. MJJ Ventures was formed in 1991 to hold Jackson's interest in a joint venture between him

---

[1] Plaintiffs have requested we take judicial notice of the legislative history of the various bills that have amended section 340.1 over the years, including the most recent amendment to the statute. The corporations requested judicial notice of documents filed in probate proceedings related to Jackson's estate. We deny the requests as unnecessary to our decision.

and his recording label, which exploits various artists' sound recordings. Robson's complaint alleged claims against the corporations for (1) intentional infliction of emotional distress; (2) negligence; (3) negligent supervision; (4) negligent retention/hiring; (5) negligent failure to warn, train, or educate; and (6) breach of fiduciary duty.

The corporations moved for summary judgment on statute of limitations grounds pursuant to the version of section 340.1 then in effect. The trial court granted the motion because Robson filed his claims after his 26th birthday and they did not fall within the narrow exception extending the time to file claims against third-party nonperpetrators.

### *Safechuck's Case*

Safechuck was born in 1978. He met Jackson in late 1986 or early 1987 while working on a commercial featuring Jackson. In 1988, 10-year-old Safechuck and his mother spent six months with Jackson on tour. Safechuck alleged that during the tour and continuing through 1992, Jackson abused him hundreds of times. According to Safechuck, Jackson kissed Safechuck's genitals, had Safechuck rub and suck Jackson's nipples as he masturbated, had Safechuck "bend over on all fours and then [Jackson] would grab [Safechuck's] butt cheeks and spread them open with one hand, and masturbate himself with the other," and inserted his finger into Safechuck's anus on two occasions. Jackson instructed Safechuck never to tell anyone about the abuse and deny the abuse if asked.

Safechuck filed his original complaint on May 9, 2014, when he was 36 years old. In his operative third amended complaint, Safechuck alleged the same claims against the third-party corporations as Robson, namely (1) intentional infliction of

4

emotional distress; (2) negligence; (3) negligent supervision; (4) negligent retention/hiring; (5) negligent failure to warn, train, or educate; and (6) breach of fiduciary duty.

The corporations demurred to the complaint. The trial court sustained the demurrer without leave to amend for the same reasons it granted summary judgment against Robson—the claims were time-barred and did not fall within the exception to the age 26 cutoff for third-party nonperpetrator claims contained in section 340.1 then in effect.

## DISCUSSION

When plaintiffs filed their lawsuits, section 340.1 set age 26 as the cut off for filing claims of childhood sexual abuse against third-party nonperpetrator defendants like the corporations here. (Former § 340.1, subd. (b)(1), eff. until Dec. 31, 2019.) In the prior version of the statute, a narrow exception permitted third-party claims to be filed beyond age 26 but within three years of discovery if a defendant "knew or had reason to know, or was otherwise on notice, of any unlawful sexual conduct by an employee, volunteer, representative, or agent, and failed to take reasonable steps, and to implement reasonable safeguards, to avoid acts of unlawful sexual conduct in the future by that person, including, but not limited to, preventing or avoiding placement of that person in a function or environment in which contact with children is an inherent part of that function or environment." (Former § 340.1, subd. (b)(2), eff. until Dec. 31, 2019.) Plaintiffs filed their lawsuits after their 26th birthdays, so their claims against the corporations were only timely if they fell within this provision. The trial court granted judgment for the corporations in both cases, concluding their claims did not.

5

Effective January 1, 2020, Senate Bill 218 amended section 340.1 to extend the time for victims to bring claims of childhood sexual assault[2] against third-party nonperpetrators from age 26 to age 40.  (§ 340.1, subd. (a)(2)–(3).)[3]  The revised statute retained the exception to this limitation period for third-party claims and allowed those claims to be filed within five years of discovery if the defendant "knew or had reason to know, or was otherwise on notice, of any misconduct that creates a risk of childhood sexual assault by an employee, volunteer,

---

[2]    The statute relabeled childhood sexual abuse as " 'Childhood sexual assault,' " defined as acts proscribed by enumerated Penal Code provisions.  (§ 340.1, subd. (d).)

[3]    The revised subdivision (a) states in full:  "(a) In an action for recovery of damages suffered as a result of childhood sexual assault, the time for commencement of the action shall be within 22 years of the date the plaintiff attains the age of majority or within five years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual assault, whichever expires later, for any of the following actions:

"(1) An action against any person for committing an act of childhood sexual assault.

"(2)  An action for liability against any person or entity who owed a duty of care to the plaintiff, if a wrongful or negligent act by that person or entity was a legal cause of the childhood sexual assault that resulted in the injury to the plaintiff.

"(3)  An action for liability against any person or entity if an intentional act by that person or entity was a legal cause of the childhood sexual assault that resulted in the injury to the plaintiff."  (§ 340.1, subd. (a)(1)–(3).)

representative, or agent, or the person or entity failed to take reasonable steps or to implement reasonable safeguards to avoid acts of childhood sexual assault." (§ 340.1, subd. (c).)

Robson and Safechuck filed their lawsuits before their 40th birthdays, so their claims against the third-party corporations would have been timely under the revised statute without the need to resort to the exception contained in section 340.1, subdivision (c). The only question is whether the newly extended limitations period applies to plaintiffs' claims. The corporations do not dispute these revisions apply to plaintiffs' nonfinal cases still pending on appeal, rendering their claims timely. We agree and find their dispute under the previous statutory provisions to be moot.

Generally, for claims that have not expired under a former limitations period, "an enlarged limitations period ordinarily applies and is said to apply prospectively to govern cases that are pending when, or instituted after, the enactment took effect." (*Quarry v. Doe I* (2012) 53 Cal.4th 945, 956.) For claims that have lapsed under the former limitations period, "revival of the claim is seen as a retroactive application of the law under an enlarged statute of limitations. Lapsed claims will not be considered revived without express language of revival." (*Id.* at p. 957; see *id.* at p. 980 ["[O]rdinarily the Legislature has authority to enlarge limitations periods even as to lapsed claims, as long as it does so expressly or otherwise makes its intent unmistakably clear."].) Retroactive application of statutory revisions cannot, however, reopen cases that have been litigated to final judgments. (*Perez v. Roe I* (2006) 146 Cal.App.4th 171, 188 (*Perez*).)

The newly revised section 340.1 contains two subdivisions that expressly preserve and revive nonfinal claims. Under subdivision (q), "Notwithstanding any other provision of law, any claim for damages described in paragraphs (1) through (3), inclusive, of subdivision (a) that has not been litigated to finality and that would otherwise be barred as of January 1, 2020, because the applicable statute of limitations, claim presentation deadline, or any other time limit had expired, is revived, and these claims may be commenced within three years of January 1, 2020. A plaintiff shall have the later of the three-year time period under this subdivision or the time period under subdivision (a) as amended by the act that added this subdivision." (§ 340.1, subd. (q).) Similarly, subdivision (r) states, "The changes made to the time period under subdivision (a) as amended by the act that amended this subdivision in 2019 apply to and revive any action commenced on or after the date of enactment of that act, and to any action filed before the date of enactment, and still pending on that date, including any action or causes of action that would have been barred by the laws in effect before the date of enactment." (§ 340.1, subd. (r).)

The import of section 340.1, subdivisions (q) and (r) is clear: the Legislature intended to preserve and revive all nonfinal claims. Plaintiffs filed their lawsuits before their 40th birthdays and their cases remain pending on appeal, so they have not reached finality. (See *Perez, supra,* 146 Cal.App.4th at p. 179.) The extended limitations period therefore applies to render their claims timely.

We decline to reach any other issues. In Robson's case, there are no other issues to decide—the trial court granted summary judgment solely because his claims were barred by the

8

former statute of limitations, and the corporations concede the judgment must be reversed.  In Safechuck's case, the trial court sustained the corporations' demurrer because his claims were time-barred.  The corporations urge us to partially affirm the judgment on the alternate ground that Safechuck failed to adequately allege his claims for negligent supervision, negligent hiring/retention, negligent failure to warn, train, or educate, and breach of fiduciary duty.  We decline to do so and leave those issues to the trial court on remand.[4]

## DISPOSITION

The judgments are reversed and the matters remanded for further proceedings in accordance with this opinion.  Appellants are awarded costs on appeal.

**CERTIFIED FOR PUBLICATION**

BIGELOW, P. J.

We concur:

GRIMES, J.

WILEY, J.

---

[4]     Given we decline to address the remaining issues in Safechuck's case, we reject the corporations' request to stay Robson's case until we have issued our opinion in Safechuck.

9